# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:14-cv-360-RJC
## (3:09-cr-229-RJC-DCK-1)

| | |
|---|---|
| MICHAEL GENE TERRELONGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's "Petition [to] Review and Reopen Merg With Admiralty Commercial Law (Admiralty Rules 4, 5, 6, 7) with Bond by Way of Rule 5," (Doc. No. 19), and "Motion for Preliminary Injunction and Declaratory Relief under 28 U.S.C. § 1651," (Doc. No. 20).

### I. INTRODUCTION

Petitioner was convicted following a jury trial of: Count (1), conspiracy to commit armed bank robbery; Count (2), armed bank robbery and aiding and abetting; Counts (3), (5), and (7), possession and brandishing a firearm during and in relation to a crime of violence and aiding and abetting; Count (4) armed bank robbery; and Count (6), armed bank robbery. (3:09-cr-229, Doc. No. 82). He was sentenced to a total of 744 months' imprisonment followed by three years of supervised release. (Id.). The Fourth Circuit Court of Appeals affirmed, United States v. Terrelonge, 520 Fed. Appx. 151 (4th Cir. 2013), and the Supreme Court denied certiorari, Terrelonge v. United States, 571 U.S. 895 (2013).

Petitioner sought § 2255 relief in the instant case, raising 12 claims for relief. The Court

1

denied the § 2255 petition on the merits and denied a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases because Petitioner did not make a substantial showing of the denial of a constitutional right. Terrelonge v. United States, 2015 WL 7738379 (W.D.N.C. 2015). He did not appeal.

Petitioner filed the instant "Petition [to] Review and Reopen…" on March 4, 2017, (Doc. No. 19), and the "Motion for Preliminary Injunction and Declaratory Relief Under 28 U.S.C. § 1651" on April 10, 2017, (Doc. No. 20).

## II. DISCUSSION

**(1) Petition to Review and Reopen**

In the "Petition [to] Review and Reopen…," Petitioner asks the Court to reopen the § 2255 case and grant him a certificate of appealability pursuant to Buck v. Davis, 137 S.Ct. 759 (2017). Petitioner contends that the Court denied his request for a certificate of appealability without providing notice of the denial. He argues that he satisfied the standard for obtaining a certificate of appealability but that the Court ignored his undisputable evidence and denied the certificate of appealability.

First, Petitioner has failed to identify any procedural vehicle under which he can obtain relief. The Petition to Review and Reopen cannot be viewed as a Rule 59 motion to alter or amend the judgment because it was not filed within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). If the Petition to Review and Reopen is treated as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, it likewise time-barred. Liberally construing the Petition to Review and Reopen, it appears that Petitioner is seeking relief under Rule 60(b)(6) which provides for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Such a motion must be filed within a "reasonable time," Fed. R. Civ. P. 60(c), and the

2

party moving for relief from judgment under Rule 60(b) bears the burden of demonstrating timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017). Petitioner appears to argue that he filed the instant Petition to Review and Reopen within a reasonable time after the United States Supreme Court issued Buck, which addresses the standard for granting a certificate of appealability in habeas cases.[1] Petitioner's reliance on Buck is unavailing because a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Therefore, to the extent Petitioner seeks relief under Rules 59(e) and/or 60(b), his Petition to Review and Reopen is time-barred and Petitioner has failed to identify any other procedural mechanism under which relief can be granted.

Second, Petitioner's claim that the Court erred by denying a certificate of appealability is meritless. A certificate of appealability may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Rule 11(a), Rules Governing Section 2255 Cases. A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

When the Court denied Petitioner's § 2255 Motion to Vacate, it declined to issue a certificate of appealability because Petitioner "ha[d] not made a substantial showing of a denial of a constitutional right." (Doc. No. 16 at 8). The Court cited Miller-El v. Cockrell, 537 U.S. 322 (2003) for the proposition that, "in order to satisfy § 2253(c), a petitioner must demonstrate that

---

[1] The instant Petition to Review and Reopen was filed 10 days after Buck was issued.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." (Id.) (citing 28 U.S.C. § 2253(c)(2)). Petitioner's suggestion that the Court was obligated to provide him with any additional notice that a certificate of appealability was denied is incorrect. The Court cited the appropriate authority and set forth its denial of the certificate of appealability as required by the applicable rules. See 28 U.S.C. § 2253(c)(2); Rule 11(a), Rules Governing Section 2255 Cases.

Petitioner has also failed to establish that the Court's denial of the certificate of appealability was based on the wrong legal standard or was otherwise erroneous. The Supreme Court case upon which Petitioner relies, Buck, does not aid Petitioner. In Buck, the Court confirmed that the standard for obtaining a certificate of appealability is whether "jurists of reason could disagree with the district court's resolution of his constitutional claims or … could conclude the issues presented are adequate to deserve encouragement to proceed further." 137 S.Ct. at 773 (quoting Miller-El, 537 U.S. at 327). The threshold inquiry asks only if the district court's decision was debatable. Id. at 774 (quoting Miller-El, 537 U.S. at 327). The Court's denial of a certificate of appealability was in accordance with the governing standard and that conclusion is not undermined by Buck.

For all the foregoing reasons, Petitioner's Petition to Review and Reopen will be denied.

**(2)** **Motion for Preliminary Injunction**

In his "Motion for Preliminary Injunction…," Petitioner appears to allege that the prison is depriving him of legal mail and/or access to the courts. He contends that the prison mailroom received an envelope addressed to Petitioner from this Court on March 31, 2017, containing filings from the instant case. The mailroom read the mail and forwarded it to the "S.I.S. Department," where a unit manager told Petitioner that the mail would either be thrown away or put in Plaintiff's

4

central file because "the document contains U.C.C. materials that he would not be allowed to have." (Id.). Petitioner chose to have the mail deposited in his central file. The unit manager informed Petitioner that he "can get a 300 series shot" for having the U.C.C. materials, and that "S.I.S. [is] coming to confiscate any other documents that Petitioner has in his possession." (Doc. No. 20 at 2). Petitioner seeks declaratory judgment, the immediate return of the documents, and an order that the Respondents "stand down" and return the documents from his central file. (Doc. No. 20 at 2).

It appears that Petitioner is attempting to challenge the conditions of his confinement rather than his criminal conviction and sentence. A § 1983 action "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Therefore, if Petitioner chooses to pursue the claims raised in his Motion for Preliminary Injunction, he should seek relief in a separately filed civil suit seeking relief from the conditions of his confinement pursuant to § 1983.[2]

The relief Petitioner seeks in his Motion for Preliminary Injunction is not cognizable in this § 2255 action and it will therefore be denied.

### III. CONCLUSION

For the reasons stated herein, the "Petition to Review and Reopen…" and "Motion for Preliminary Injunction…" are denied.

**IT IS, THEREFORE, ORDERED:**

1) Petitioner's "Petition [to] Review and Reopen Merg With Admiralty Commercial Law

---

[2] The Court makes no representations about the timeliness, procedural viability, or merit of such an action.

(Admiralty Rules 4, 5, 6, 7) with Bond by Way of Rule 5," (Doc. No. 19), is **DENIED**.

2) Petitioner's "Motion for Preliminary Injunction and Declaratory Relief under 28 U.S.C. § 1651," (Doc. No. 20), is **DENIED**.

Signed: September 24, 2018

Robert J. Conrad, Jr.
United States District Judge